### 212
### BUILDERS SUPPLY AND FUEL CO. v. HUNTINGTON & FINK CO.

Ohio Court of Appeals Cuyahoga County
No. 4176. Feb. 5, 1923

This opinion has not been published except in Abstract

CONTRACT—(1) Renunciation by express declaration—(2) Renunciation dependent upon action of parties—(3) Breach of.

VICKERY, J.:
Epitomized Opinion
Error to Cuyahoga Court of Common Pleas

The H. & F. Co. agreed to furnish a certain quantity of laths to the Supply Co. and did furnish several carloards but on Nov. 10, 1919 the H. & F. Co. notified the Supply Co. that by reason of a fire in the mill the former company would be unable to furnish any more laths until the following year. The Supply Co. did not at the time treat this letter as an announcement of a breach but urged compliance with the contract. The Supply Co. failed to pay for three carloads of laths which had been delivered according to the terms of the contract and the H. & F. Co. brought suit for the amount due. By way of counter claim the Supply Co. alleged a

breach of the contract by the H. & F. Co. by a renunciation in the letter of Nov. 10 and claimed to be retaining the amount sued for as anticipatory damages although no, facts showing damage alleged or proved. The lower court found for the H. & F. Co. Held by the Court of Appeals in affirming the judgment:

1. A renunciation to be treated as a breach by the opposite party must be clear and unequivocable so that the party will be informed that he need not expect anything further upon the contract from the other side. The letter of Nov. 10 was not a renunciation.

2. To make a renunciation effective as a breach, the other party must treat it as a breach and act upon it. The Supply Co. did not treat the letter in question as a breach.

3. A failure by one party to a contract to pay for goods delivered according to the terms of the contract especially after a notice by the other party that the contract would be cancelled upon continued failure to pay, is a sufficient breach to preclude the first party from claiming breach by the other party on a subsequent different account.

Attorneys—Mooney, Hahn, Loeser & Keough, for the Supply Co.; Howell, Roberts & Duncan, for the H. & F. Co.

---

### Legal Ethics

Continued from page 247

positions, and he should not be tempted to an unnecessary display of learning or a premature judgment.

#### 17. Ex parte Applications

Judges should discourage ex parte hearings of applications for injunctions and receiverships where the order may work detriment to absent parties; they should act upon ex parte applications only where the necessity for quick action is clearly shown; if this be demonstrated, then the judge should endeavor to counteract the effect of the absence of opposing counsel by a scrupulous cross-examination and investigation as to the facts and the principles of law upon which the application is based, granting relief only when fully satisfied that the law permits it and the emergency demands it. The judge should remember that an injunction is a limitation upon the freedom of action of defendants and should not be granted lightly or inadvisedly. One applying for such relief must sustain the burden of showing clearly its necessity and this burden is increased in the absence of the party whose freedom of action is to be restrained even though only temporarily.

#### 18. Continuances

Delay in the administration of justice is a common cause of complaint; counsel are frequently responsible for this delay. Judges, without being arbitrary or forcing cases unreasonably or unjustly to trial when unprepared, to the detriment of parties, may well endeavor to hold counsel to a proper appreciation of their duties to the public interest to their own clients, and to the adverse party and his counsel, so as to enforce due diligence in the dispatch of business before the court.

#### 19. Judicial Opinions

In disposing of controverted cases, judges should indicate the reasons for their action in opinions showing that they have not disregarded or overlooked serious arguments of counsel. They thus show their full understanding of the case, avoid the suspicion of arbitrary conclusion, promote confidence in their intellectual integrity and contribute useful precedent to the growth of the law.

But the volume of reported decisions is such and is ever so increasing that in writing opinions which are to be published judges may well take this fact into consideration, and curtail them accordingly, without substantially departing from the principles stated above. It is of high importance that judges constituting a court of last resort should use effort and self-restraint to promote solidarity of conclusion and the consequent influence of judicial decision. A judge should not yield to pride of opinion or value more highly his individual reputation than that of the court to which he should be loyal. Therefore, except in case of conscientious difference of opinion on fundamental principle, dissents should be discouraged.

#### 20. Influence of Decisions Upon the Development of the Law

A judge should be mindful that his duty is the application of general law to particular instances, that ours is a government of law and not of men, and that he violates his duty as a minister of justice under such a system if he seeks to do what he may personally consider substantial justice in a particular case and disregards the general law as he knows it to be binding on him. Such action may become a precedent unsettling accepted principles and may have detrimental consequences beyond the immediate controversy. He should administer his office with a due regard to the integrity of the system of the law itself, remembering that he is not a depositary of arbitrary power, but a judge under the sanction of common and statute law.

#### 21. Idiosyncrasies and Inconsistencies.

Justice should not be moulded by the individual idiosyncrasies of those who administer it. A judge should adopt the usual and expected method of doing justice, and not seek to be extreme or peculiar in his judgments, or spectacular or sensational in the conduct of his court. Though vested with discretion in the imposition of mild or severe sentences he should not compel persons convicted or accused to submit to some humiliating act or discipline of his own devising, without authority of law, because he thinks it will have a beneficial corrective influence.

Judges imposing sentences should endeavor to conform to a reasonable standard of punishment and should not seek popularity either by exceptional severity or undue leniency.

#### 22. Review

In order that a litigant may secure the full benefit of the right of review accorded to him by law, a trial judge should scrupulously grant to the defeated party opportunity to present the situation arising upon the trial exactly as it arose, was presented and decided by full and fair bill of exceptions or otherwise; any failure in this regard on the part of the judge is peculiarly worthy of condemnation because the wrong done is irremediable.

#### 23. Legislation

Judges have exceptional opportunity to observe the operation of statutes, especially those relating to practice, and to ascertain whether they tend to impede the just disposition of controversies; and they may well contribute to the public interest by advising those having authority to remedy defects of procedure of the result of their observation and experience.

#### 24. Infractions of Law

The judge should be studiously careful himself to avoid even the slightest infraction of the law, lest it be a demoralizing example to others.

#### 25. Inconsistent Obligations

A judge should not accept inconsistent duties; nor incur obligations, pecuniary or otherwise, which will in any way interfere with his devotion to the expeditious and proper administration of his official functions.